BANKMAN *v.* PERE MARQUETTE RAILROAD CO.

RAILROADS—INJURY TO SHIPPER'S HORSE—CONTRIBUTORY NEGLI-
GENCE.

> In an action against a railroad company for injury to plaintiffs'
> horse by being struck by a train while standing in a space
> between the track and freighthouse by direction of defend-
> ant's agent, evidence examined, and *held*, that the question of
> plaintiffs' contributory negligence was one for the jury.

Error to Van Buren; Carr, J. Submitted November 9,
1905. (Docket No. 111.) Decided December 4, 1905.

Case by Gustave Bankman and Edward Bankman
against the Pere Marquette Railroad Company for the
negligent killing of plaintiffs' horse. There was judg-
ment for plaintiffs, and defendant brings error. Affirmed.

*F. W. Stevens* (*John C. Bills,* of counsel), for appel-
lant.

*Barnard & Lewis,* for appellees.

HOOKER, J. Plaintiff Gustave Bankman, one of two
owners of a horse, sleigh, and harness, drew a load of
freight to the defendant's depot at Grand Junction. De-
fendant's railroad passes the west side of the building,
and at the point where freight is transferred there is a
space barely wide enough to afford standing room for a
team. The regular place for unloading freight is at the
north end of the depot platform, and under ordinary cir-
cumstances no teams are allowed in this space. On the
day of the accident the snow was so piled up as to pre-
vent unloading upon the platform, and he was directed
by defendant's baggageman to drive into the narrow space
mentioned and unload at the freighthouse door. He did
so, and, leaving his team standing unattended, went into

the office and secured his freight receipts. Then he went for his express receipts, and was informed by the baggageman that he would have to wait until he attended to a Michigan Central train which was approaching on its track on the other side of the depot. After this train left the station plaintiff again left his team and went into the warehouse to wait for the receipts, which the baggageman was writing while he held the lantern for him. Hearing a train approaching upon defendant's road, plaintiff sprang to his horses' heads, but the train was very close, and he was unable to lead them out or keep them away from the train, which struck one horse and the sleigh, inflicting injuries for which this action was brought. This is the plaintiffs' version of the accident, according to defendant's brief.

The defendant contradicted these statements in important particulars, e. g., denying that plaintiffs' driver was directed to drive there, and that he did so of his own accord; that after unloading, and before the Michigan Central train arrived, he told Mr. Bankman that he would have to take his team "over town" and hitch, and as soon as he should get through with the Michigan Central train he would give him his receipts; while he was writing them he heard the train coming, and Mr. Lighthall, the interlocker man, seized a lantern and ran out to stop it, but was too late, and the train went right on through; that the place was obviously dangerous, and the team stood there at least 15 minutes after the load was taken off; that a person standing by the horses could have seen half a mile down the track. A verdict for $100 was rendered, and defendant has appealed.

The only question raised is whether the court erred in refusing to direct a verdict for defendant on the ground of plaintiffs' contributory negligence. Counsel contend that the courts commonly hold that it is negligent for one to leave his horses unattended in a place where they are likely to be struck by a passing train. It is not improbable that we might so hold in this case but for the proof

that he was directed to do so by the agent, who would be presumed to know when trains would be due and not advise driving into a place such as was occupied in the face of danger. It does not follow that the plaintiff was not chargeable with contributory negligence; but it was not error to leave the question to the jury.

The judgment is affirmed.

MOORE, C. J., and MCALVAY, MONTGOMERY, and OSTRANDER, JJ., concurred.